# UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF COLORADO

| | |
|---|---|
| In re: ) | |
| ) | |
| Office Source, Inc., ) | Case No. 09-34901-HRT |
| ) | Chapter 7 |
| Debtor. ) | |
| ) | |
| JEFFREY A. WEINMAN, chapter 7 trustee, ) | |
| ) | Adv. No. 11-____-HRT |
| Plaintiff ) | |
| v. ) | |
| MERIDIAN PACIFIC COMMUNICATIONS, ) | |
| INC., a Canadian corporation, ) | |
| ) | |
| Defendant. | |

**COMPLAINT TO AVOID PREFERENTIAL TRANSFERS, FOR JUDGMENT FOR LIABILITY FOR SUCH TRANSFERS AND FOR DISALLOWANCE OF CLAIM**

Jeffrey A. Weinman, in his capacity as chapter 7 trustee of the bankruptcy estate of Office Source, Inc., by his attorneys, Onsager, Staelin & Guyerson, LLC, alleges as follows:

## I. PARTIES, JURISDICTION, AND VENUE

1. On November 20, 2009 (the "Petition Date"), Office Source filed its voluntary petition for relief under chapter 11 of title 11 U.S.C. (the "Bankruptcy Code"), commencing bankruptcy Case Number 09-34901-HRT (the "Bankruptcy Case"), in the United States Bankruptcy Court for the District of Colorado (this "Court").

2. On April 16, 2010, this Court entered an order converting this case to a case under chapter 7 of the Bankruptcy Code.

3. On April 16, 2010, Jeffrey A. Weinman ("Trustee") was appointed as the interim chapter 7 trustee for the estate of Office Source.

4. Trustee continues to serve as the trustee for the chapter 7 estate of Office Source.

5. Defendant Meridian Pacific Communications, Inc. ("Defendant") d/b/a Meridian Pacific Creative is a Canadian corporation with a principal office at 1015-475 West Georgia Street, Vancouver, British Columbia  V6B 4M9.

6. This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§157(a) and 1334.

7. Venue is proper under 28 U.S.C. §§ 1408 and 1409.

8. This is a core proceeding under 28 U.S.C. § 157(b)(2)(A), (B), (F), and/or (O).

## II. GENERAL ALLEGATIONS

9. Before the petition, Office Source was a wholesaler of office furniture and related items.

## III. FIRST CLAIM FOR RELIEF
### Avoidance and Recovery of Preferential Transfers; 11 U.S.C. §§ 547 and 550

10. At all times relevant hereto, Defendant was a creditor of Office Source.

11. Within the ninety days preceding the Petition Date, Office Source made transfers to Defendant or for Defendant's benefit totaling no less than $13,520.75 (the "Transfers").

12. The Transfers were transfers of an interest of Office Source in property.

13. The Transfers were made on account of antecedent debts owed by Office Source to Defendant before such Transfers were made.

14. The Transfers were made while Office Source was insolvent. Not only did the liabilities of Office Source exceed its assets by millions of dollars, it was not generally paying its debts as they come due.

15. The Transfers enabled Defendant to receive more than Defendant would have received if: (a) Office Source's case was a case under chapter 7 of the Bankruptcy Code; (b) the Transfers had not been made; and (c) Defendant had received payment only to the extent provided by the provisions of the Bankruptcy Code.

16. The Transfers to Defendant, along with any other transfer or payment to or for the benefit of Defendant made within ninety days of the Petition Date, are avoidable under § 547(b) of the Bankruptcy Code.

17. Defendant is the initial transferee of the Transfers.

18. Trustee is entitled to recover from Defendant the value of the Transfers, along with the value of any other transfers made to or for the benefit of Defendant within ninety days of the Petition Date under § 550 of the Bankruptcy Code.

WHEREFORE, Trustee prays that this Court avoid the transfers made to Defendant, enter judgment in Trustee's favor in the amount of the Transfers plus costs and pre-judgment and post-judgment interest as allowed by law, and grant such further relief as to which Trustee may be entitled.

## IV. SECOND CLAIM FOR RELIEF
### Disallowance of Claim; 11 U.S.C. § 502

19. Trustee incorporates through this reference all of the prior allegations of this Complaint as if fully restated herein.

20. Defendant is a party from which property is recoverable under, among other things, §§ 547 and 550 of the Bankruptcy Code.

21. Defendant is a party that is the transferee of a transfer avoidable and, among other things, § 547 of the Bankruptcy Code.

22. Defendant has failed to pay the amount or to turn over to Trustee the value of any property for which Defendant is liable under, among other things, §§ 547 and 550 of the Bankruptcy Code.

23. Pursuant to § 502(d) of the Bankruptcy Code, any and all claims that Defendant may have in Office Source's Bankruptcy Case must be disallowed until such time as such value is paid.

**WHEREFORE**, for all the foregoing reasons, Trustee respectfully requests that this Court enter judgment in this adversary proceeding, against Defendant and in favor of Trustee:

(a) avoiding the Transfers;

(b) entering judgment in Trustee's favor in the amount of the Transfers, plus costs and pre-judgment and post-judgment interest as allowed by law;

(c) disallowing any and all claims that Defendant may have in Office Source's Bankruptcy Case; and

(d) granting such further and additional relief as this Court deems just and proper.

Dated: November 18, 2011        Respectfully submitted,

**Onsager, Staelin & Guyerson, LLC**

/s/ Christian C. Onsager
Christian C. Onsager, CBN 06889
Michael J. Guyerson, CBN 11279
1873 S. Bellaire St., Suite 1401
Denver, Colorado 80222
Ph: (303) 512-1123
Fax: (303) 512-1129
consager@osglaw.com
mguyerson@osglaw.com
*Counsel for the Chapter 7 Trustee*